UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------X

ABDULJABBAR QURAISH,                        11-cv-05616-WFK-RER

       Plaintiff,                           **MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO REOPEN CASE**

-vs-

OSG SHIP MANAGEMENT, INC.,

       Defendant.
----------------------------------------------------------X

      This is a class action for the unearned wage component of maintenance and cure. E.g., Padilla v Maersk Line, Ltd., 603 F.Supp.2d 616 (S.D. N.Y. 2009). Unlike Padilla, however, this case seeks enforcement of the Shipowners' Liability Convention provision that unearned wages are to be paid to seamen with dependents until they reach maximum medical improvement.

      Pursuant to Stipulation And Order Of Voluntary Dismissal Pursuant to F.R.C.P. 41(a)(1)(A)(ii) (Doc. 5), this case was dismissed [without prejudice] on January 4, 2012.

      The provocative issue is substantively focused in Complaint allegations 2, 3, and 4 to wit:

"2. Subject matter jurisdiction is founded under the general maritime law and the Shipowner's Liability Convention for the unearned wage component of maintenance and cure.
3. At all times material to issues herein, Plaintiff, and other similarly situated persons, suffered illness or injury in the service of Defendant's vessel(s) on inter-coastal/foreign/high seas voyages and were thereafter paid unearned wages, sans the overtime, and vacation pay, they otherwise would have earned; moreover, as to those with dependents, unearned wages were not paid until their sickness or incapacity was declared of a permanent character [maximum medical improvement], to wit:

| PLAINTIFF | VESSEL | DATE OF INJURY/ILLNESS | DEPENDENTS |
|---|---|---|---|
| Abduljabbar Quraish | Overseas Luxmar | 11/01/2011 | Yes |

1

4.      Plaintiff, and others similarly situated, are entitled to the overtime and vacation pay component of the unearned wages they otherwise would have earned, and <u>those with dependents, are entitled to unearned wages until their sickness or incapacity was declared of a permanent character, per the Shipowners' Liability Convention</u>." (Emphasis added).

The Stipulation for Dismissal was entered between the parties based on the belief Plaintiff had reached maximum medical improvement before the termination of the articles under which he was serving and that Defendant had paid all the relief requested - inclusive of overtime - in the Complaint and that, therefore, there was nothing to litigate. Specifically, it was thought that Plaintiff reached maximum medical improvement on November 17, 2011, and the articles under which he was serving terminated on December 15, 2011.

On March 19, 2012, Defendant paid Plaintiff back maintenance from it's last date of payment up until March 31, 2012, but not unearned wages, <u>albeit</u>, he is not at maximum medical improvement..

We have newly discovered that Plaintiff has not reached maximum medical improvement, Defendant is, thus, in arrears of it's unearned wage obligation given rise to by the Shipowners' Liability Convention.

Plaintiff has dependents, and under the Shipowner's Liability Convention[1], crewmembers with dependents are to receive unearned wages until they reach maximum medical improvement. Plaintiff has neither reached maximum medical improvement, nor received the corollary unearned wages.

---

[1] See <u>Barnes v Andover Co.</u>, 900 F.2d 630, 634 (3rd Cir. 1990).

Serial suits for maintenance and cure are recognized.  See Brooks v Raymond Ducat Co. LLC, 336 F.3d 360, 362 (5th Cir. 2003).  It would be an inefficient waste of judicial resources for Plaintiff to have to refile this action.

Rule 60 allows for relief from a judgment or order for newly discovered evidence (2) and any other reason that justifies relief (6). Either sub-section could apply in this instance. The continuing payment of maintenance meaning that Plaintiff has not reached maximum medical improvement, is newly discovered and it would be a waste of judicial resources to have to re-file this action.

It would be an understatement to say that Defendant will hotly contest Plaintiff's application of the Shipowners' Liability Act in context, as a matter of law. This lawsuit for such relief presents a question of first impression.  The Defendant in Padilla argued that the claim there presented was, likewise, of first impression.  The determination, however, of whether Plaintiff has stated a claim for relief should be addressed in a motion to dismiss, or for summary judgment, and not in this Motion which if granted merely places the parties in the same immediate post-Answer position they were in before the Stipulation to Dismiss was entered into.

A request for concurrence with defense counsel has been outstanding since April 12, 2012 without response.

Plaintiff requests that the case be reinstated.

        O'BRYAN BAUN KARAMANIAN

        /s/ Dennis M. O'Bryan

        _____

        DENNIS M. O'BRYAN
        Attorney for Plaintiff
        401 S. Old Woodward, Ste. 450
        Birmingham, MI 48009
        (248) 258-6262   (248) 258-6047 - fax
        dob@obryanlaw.net

DATED:   May 18, 2012

## CERTIFICATE OF SERVICE

_____ The undersigned does hereby certify that on the 18th day of May, 2012 the foregoing was filed using the Court's ECF Filing System and will served on counsel of record via the Court's ECF System.

        /s/ Dennis M. O'Bryan

        _____

        DENNIS M. O'BRYAN